UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS MONROE-BEY, | ) |
|       Plaintiff, | ) |
| v. | )    Civ. Action No. 11-1915 (RMC) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
|       Defendant. | ) |

OPINION

In this action brought *pro se* by a Maryland state prisoner under the Freedom of Information Act ("FOIA"), 5. U.S.C. § 552, Plaintiff Curtis Monroe-Bey challenges the Federal Bureau of Investigation's denial of his request for a fee waiver to obtain records responsive to his FOIA request. The FBI moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure [Dkt. 12]. In his opposition to the FBI's motion, Mr. Monroe-Bey cross moves for summary judgment [Dkt. 19, 20]. Upon consideration of the parties' submissions and the entire record, the Court will grant the FBI's motion, deny Mr. Monroe-Bey's motion, and enter judgment accordingly.[1]

---

[1] Mr. Monroe-Bey also has pending a "Motion Requesting the Court to Compel Defendants to Produce the Complete and Accurate Record Established Within the Appeal Agency," [Dkt. 15]. Defendant responded to this motion by supplementing the record with a 49-page document that begins with "Plaintiff's Memorandum in Support of Appeal of Waiver of Fees Determination" addressed to the Office of Information Policy. Def.'s Response to Pl.'s Mot. to Compel [Dkt. 17] & Ex. A [Dkt. 17-2]. This motion therefore will be denied as moot.

## I. BACKGROUND

By letter of December 25, 2009, Mr. Monroe-Bey requested from the FBI basically all information pertaining to publicized reports of "discredited FBI laboratory analysts." Decl. of David M. Hardy [Dkt. 12-1], Ex. A (FOIA Request).[2] The FBI's initial denial of records was overturned by the Office of Information Policy ("OIP"), which remanded the request in August 2010 to the FBI to conduct a search for responsive records. Ex. D. By letter of January 10, 2011, the FBI informed Mr. Monroe-Bey that it had located approximately 23,730 pages of responsive records and assessed an estimated copying fee of $2,363 for paper copies or $710 for a compact disc. Ex. H.

By letter of January 23, 2011, Mr. Monroe-Bey requested a fee waiver, citing, *inter alia*, his "actual innocence," which he has been claiming "[f]or more than 28 years," as "a matter of public interest." Ex. I (Fee Waiver Request ("Request") ¶¶ 8-10). Mr. Monroe-Bey explained that "the information he seeks is in the public's interest in view of a public trial in which the public was significantly involved; and that the public would now know of the operations and activities of the State of Maryland and the U.S. government agency employees responsible for conduct detrimental to equal justice." *Id*. ¶ 9. In addition, Mr. Monroe-Bey stated that he "is the producer and editor of the 'Lex Fori', a free legal newsletter provided to prisoners and others throughout Maryland and other states," and indicated that any responsive records would be "subject to being disseminated to those prisoners who are noted on a collected mailing list, and others who are and were effected [sic] by the testimony of any one or more of the 13 discredited F.B.I. analysts." *Id*. ¶ 12. Mr. Monroe-Bey cited to a newspaper article in the

---

[2] Both parties have supplied documents from the administrative proceedings. The Court will cite the exhibits attached to Mr. Hardy's declaration [Dkt. 12-2].

Washington Post to show that "others have been provided said responsive documents, presumably without costs[.]" *Id*. ¶ 15. He had previously included several other Washington Post articles on the subject in his successful administrative appeal in April 2010. *See* Ex. D.

By letter of January 28, 2011, the FBI denied Mr. Monroe-Bey's fee waiver request on the basis that it did not meet the requirements for a fee waiver set forth in 5 U.S.C. § 552(a)(4)(A)(iii). Ex. K. Specifically, the FBI determined that Mr. Monroe-Bey's request did "not satisfy the first requirement [of contributing substantially to the public's interest] because the [requested] records have previously been disclosed to the public [via] another requester who previously submitted a request for the same material and demonstrated their [sic] capacity to place the records in the public domain . . . ." *Id*. at 1. And "[d]isclosure of information that already is in the public domain will not be as likely to contribute to an increased understanding of government operations or activities where nothing new will be added to the public's understanding." *Id*. (citing 28 C.F.R. § 16.11(k)(2)(ii)).

Mr. Monroe-Bey appealed the fee waiver denial to OIP, which affirmed the FBI's decision by letter of August 11, 2011. Ex. M. He filed this civil action on October 31, 2011.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows [through facts supported in the record] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This procedural device is not a "disfavored legal shortcut" but a reasoned and careful way to resolve cases fairly and expeditiously. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In determining whether a genuine issue of material fact exists, the Court must view all facts and reasonable inferences in the light most favorable to the non-moving party.

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

Summary judgment is the frequent vehicle for resolution of a FOIA action because the pleadings and declarations in such cases often provide undisputed facts on which the moving parties are entitled to judgment as a matter of law. *McLaughlin v. U.S. Dep't of Justice*, 530 F. Supp. 2d 210, 212 (D.D.C. 2008) (citations omitted). Agencies may rely on affidavits or declarations of government officials, as long as they are sufficiently clear and detailed and submitted in good faith. *Id*. (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). The Court may award summary judgment solely on the basis of information provided in such affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### III. ANALYSIS

A FOIA requester must exhaust his administrative remedies by paying any assessed fees or appealing the denial of a fee waiver request before obtaining judicial review of a FOIA claim. *Oglesby*, 920 F.2d at 66; *see accord Smith v. Fed. Bureau of Prisons*, 517 F. Supp. 2d 451, 455 (D.D.C. 2007) (concluding that "[b]ecause defendant properly denied plaintiff's fee waiver request, . . . [p]laintiff will be required to pay the assessed fee before pursuing his FOIA requests or obtaining judicial review of unfavorable action thereafter" (citing cases)). An agency must waive fees for processing a FOIA request when "[1] disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and [2] is not primarily in the commercial interest of

4

the requester." *Research Air, Inc. v. Kempthorne*, 589 F. Supp. 2d 1, 8 (D.D.C. 2008) (quoting 5 U.S.C. § 552(a)(4)(A)(iii)) (citation omitted). The FOIA empowers each agency to "promulgate regulations . . . specifying the schedule of fees applicable to the processing of [FOIA] requests . . . and establishing procedures and guidelines for determining when such fees should be waived or reduced." *Research Air, Inc.,* 589 F. Supp. 2d at 8-9 (quoting 5 U.S.C. § 552(a)(4)(A)(i)). A court must consider both the statute and the regulations promulgated by the agency when determining whether a fee waiver request was properly denied. *See Campbell v. DOJ*, 164 F.3d 20, 35 (D.C. Cir. 1998); *VoteHemp, Inc. v. DEA*, 237 F. Supp. 2d 55, 59 (D.D.C. 2002). Although the Court's review of a fee waiver denial is de novo, it is limited to the record that was before the agency at the time of the request, *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988), and the plaintiff has the burden of demonstrating that the requirements for a fee waiver are satisfied. *Id*.

As a component of DOJ, the FBI properly applied DOJ's regulations governing fee waivers set forth at 28 C.F.R. § 16.11(k). That provision requires the furnishing of responsive records "without charge or at a [reduced] charge . . . where a component determines, based on all available information, that the requester has demonstrated" the requisite level of public interest and is not seeking the information primarily for a commercial interest. 28 C.F.R. § 16.11(k). The FBI determined that Mr. Monroe-Bey had not satisfied the first requirement of a public interest, which involves consideration of the following four factors:

> i) The subject of the request: Whether the subject of the requested records concerns "the operations or activities of the government." The subject of the requested records must concern identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated.

>(ii) The informative value of the information to be disclosed: Whether the disclosure is "likely to contribute" to an understanding of government operations or activities. The disclosable portions of the requested records must be meaningfully informative about government operations or activities in order to be "likely to contribute" to an increased public understanding of those operations or activities. The disclosure of information that already is in the public domain, in either a duplicative or a substantially identical form, would not be as likely to contribute to such understanding where nothing new would be added to the public's understanding.
>
>(iii) The contribution to an understanding of the subject by the public likely to result from disclosure: Whether disclosure of the requested information will contribute to "public understanding." The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester. A requester's expertise in the subject area and ability and intention to effectively convey information to the public shall be considered. It shall be presumed that a representative of the news media will satisfy this consideration.
>
>(iv) The significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities. The public's understanding of the subject in question, as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent. Components shall not make value judgments about whether information that would contribute significantly to public understanding of the operations or activities of the government is "important" enough to be made public.

28 C.F.R. § 16.11(k)(2).

"For a request to be in the 'public interest,' [all] four [public interest] criteria must be satisfied." *Federal CURE v. Lappin*, 602 F. Supp. 2d 197, 202 (D.D.C. 2009) (quoting *Judicial Watch v. Dep't of Justice*, 365 F.3d 1108, 1126 (D.C. Cir. 2004)) (alterations in original). The FBI properly denied Mr. Monroe-Bey's fee waiver request on the basis that (1) he had not satisfied factors two through four of the public interest prong because the requested information was already in the public domain and (2) he had not demonstrated that his release of

the same information would add anything more to the public's understanding of the agency's performance.  *See* Hardy Decl., Ex. M.  Mr. Monroe-Bey's reliance on the Washington Post article to show that "others have been provided said responsive documents, presumably without costs[,]" Request ¶ 15, virtually concedes the FBI's first finding.  *See Campbell*, 164 F.3d at 36 (knowing where "in the public domain . . . materials reside" is necessary because "the mere fact that material is in the public domain does not justify denying a fee waiver; only material that has met a threshold level of public dissemination will not further public understanding within the meaning of the fee waiver provisions") (citations and internal quotation marks omitted).

        As for the FBI's second finding, Mr. Monroe-Bey does not specifically state in his request to the agency or in his submissions to this Court how disclosure of the requested records would add anything new to the public's understanding of the operations of the federal government, which is the primary goal of the FOIA.  *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press,* 489 U.S. 749, 774 (1989) ("[W]e explicitly recognized that 'the basic purpose of the [FOIA is] to open agency action to the light of public scrutiny.'" (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976))); *see also Judicial Watch, Inc. v. U.S. Dep't of Treasury*, 796 F. Supp. 2d 13, 22-23 (D.D.C. 2011) ("Congress enacted FOIA to promote transparency across the [federal] government." (citing 5 U.S.C. § 552) (other citations omitted)). "An agency may infer a lack of substantial public interest when a public interest is asserted but not identified with reasonable specificity, and circumstances do not clarify the point of the requests." *Larson*, 843 F.2d at 1483 (citations, internal quotation marks, and alterations omitted).

        Mr. Monroe-Bey contends that "the information [he] seeks is in the public's interest in view of a public trial [in Maryland] in which the public was significantly involved;

and that the public would now know of the operations and activities of the State of Maryland and the U.S. government agency employees responsible for conduct detrimental to equal justice." Request ¶ 9; *see also* Pl.'s Decl. [Dkt. 19] ¶ 10 (stating his intent to, *inter alia*, "feature the findings resulting from an RC 2000 survey concerning the staggering number of accused defendants whose trials involved the testimony of Joseph Kopera; a state police ballistics expert who fraudulently claimed academic achievements and training [during] testimony at criminal trials in Maryland for three decades"). But the regulation governing the FBI's decision specifically states that the subject of the request "must concern identifiable operations or activities of the *federal government*, with a connection that is direct and clear, not [as is the case here] remote or attenuated." 28 C.F.R. § 16.11(k)(2)(i) (emphasis added).

    Mr. Monroe-Bey's vague statements about disseminating the information are similarly tenuous. "In assessing whether a public interest fee waiver request should be granted, the Court must consider the requester's ability and intention to effectively convey or disseminate the requested information to the public . . . . In doing so, courts must look to the scope of the requester's proposed dissemination - whether to a large segment of the public or a limited subset of persons[.]" *Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 26 (D.D.C. 2006) (citations and internal quotation marks omitted). In his request, Mr. Monroe-Bey stated that any responsive records would be "subject to being disseminated to those prisoners who are noted on a collected mailing list, and others who are and were effected [sic] by the testimony of any one or more of the 13 discredited F.B.I. analysts." Request ¶ 12. In his declaration to this Court, which need not be considered since it was not before the FBI at the time of the request, Mr. Monroe-Bey states that "more than 75 prisoners from as many as seventeen states . . . not including the State of Maryland [] have sent letters requesting to be placed on the mailing list" of LiferTimes, the

newsletter of which he is "the editor and a contributing writer." Pl.'s Decl. ¶ 7. Mr. Monroe-Bey further states that as "producer and editor of the 'Lex Fori' newsletter," with a "mailing list [that] accounts for well over three hundred subscribers," he "intend[s] to publish and distribute the findings," *id.*, ¶ 10, but he does not identify what findings and the source of such findings. Mr. Monroe-Bey simply has not demonstrated his ability to "effectively convey" the requested information to the public.

As a final point, Mr. Monroe-Bey states in support of his motion for summary judgment that "in view of the assertions of actual innocence – that where FBI Hair/Fiber analysts testified at a trial in which convictions resulted, there are material and genuine issues in dispute to which the responsive documents should be afforded by the waiver of fees." Pl.'s Statement of Material Facts in Genuine Dispute ¶ 16. Mr. Monroe-Bey's need for the records to prove his innocence – a theme throughout his fee waiver request – works against a fee waiver because "[i]nsofar as [he] seeks information to facilitate a challenge to his conviction, the court considers disclosure less likely to contribute to public understanding." *Ortloff v. Dep't of Justice*, No. 02-5170, 2002 WL 31777630 (D.C. Cir. Dec. 11, 2002) (per curiam) (citing *McClain v. United States Dep't of Justice*, 13 F.3d 220, 221 (7th Cir. 1993); *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1287 (9th Cir. 1987)).

## IV.  CONCLUSION

For the foregoing reasons, the FBI's motion for summary judgment on the fee waiver issue will be granted and Mr. Monroe-Bey's cross-motion for summary judgment will be denied. Since an improper withholding has yet to occur and Mr. Monroe-Bey is required to pay

the assessed fee before obtaining judicial review under the FOIA, this case will be dismissed.  A memorializing order accompanies this Memorandum Opinion.


Date: September 13, 2012              /s/             _
                                ROSEMARY M. COLLYER
                                United States District Judge